United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHLEY V. DAVID, et al.,

    Plaintiffs,

    v.

GMAC MORTGAGE, et al.,

    Defendants.
_____/

No. C 11-6320 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendant's motion to dismiss came on for hearing on March 7, 2012 before this court. Pro se plaintiffs Ashley V. David ("plaintiff") and Nosheen David (both collectively "plaintiffs") did not appear, despite having filed no brief in opposition to the motion. Defendant GMAC Mortgage, LLC ("GMAC") appeared through its counsel, Ian J. Da Cunha. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendant's motion, for the reasons stated at the hearing, and summarized as follows:

    1.    Plaintiffs' complaint fails to satisfy the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8 requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). In order to survive a dismissal motion, a plaintiff must allege facts that are enough to raise her right to relief "above the speculative level." Twombly, 127 S.Ct. at 1965. While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's

1  obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than
2  labels and conclusions, and a formulaic recitation of the elements of a cause of action will
3  not do." Id. at 1964-65.  Here, the complaint is largely unintelligible and plaintiffs fail to
4  allege any circumstances, occurrences, or events which show defendant's allegedly
5  wrongful conduct.  Thus, plaintiffs fail to include "enough facts to state a claim to relief that
6  is plausible on its face...". Id. at 1974.

7  Accordingly, defendant GMAC's motion to dismiss the complaint in its entirety, is
8  GRANTED.

9  2.  To the extent plaintiffs' complaint states a single cause of action alleging
10  violation of the False Claims Act, this claim is also DISMISSED.  As defendant notes, the
11  False Claims Act ("FCA") prohibits individuals from engaging in specified fraudulent activity,
12  and makes persons who engage in such conduct liable to the United States government.
13  See 31 U.S.C. § 3729(a).  Civil actions under the FCA may be brought either by the United
14  States or as a qui tam action by a private individual, wherein the private individual sues on
15  behalf of the government as well as the individual.  See id. at § 3720(b)(1).  Plaintiffs'
16  allegations, however, appear to be asserted in plaintiffs' private capacity, against a private
17  entity based on nonjudicial foreclosure proceedings.  Thus, plaintiffs' claim does not fall
18  within the scope of the FCA.  Moreover, plaintiffs' attempt to state fraudulent conduct on
19  defendant's part fails to satisfy the heightened pleading requirements of Rule 9(b).  See
20  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-05 (9th Cir. 2003) (the heightened
21  pleading standards of Rule 9(b) apply to allegations of fraud and allegations that sound in
22  fraud, including false misrepresentations).  Thus, defendant's motion to dismiss the FCA
23  claim is GRANTED on this ground.  Dismissal of this claim is with prejudice, in view of the
24  FCA's inapplicability to plaintiffs' allegations.

25  3.  Lastly, the court notes that even though unintelligible, the complaint appears
26  to be an attempt at forum shopping.  Plaintiffs previously filed a complaint in case no. C 11-
27  2914 PJH asserting various causes of action pertaining to the same property and same
28

foreclosure proceedings.  The complaint in that case was dismissed on December 7, 2011 for failure to state a claim, however, leave to amend was afforded.  Rather than amend that complaint, plaintiffs filed a new complaint in this case on December 14, 2011, and appealed the dismissal of the C 11-2914 case on January 3, 2012.  The instant new case was reassigned to the undersigned pursuant to the Local Rules pertaining to related cases.  The Ninth Circuit dismissed the appeal in the C 11-2914 case.  Plaintiffs never filed an amended complaint in that case, nor did they seek an enlargement of time within which to do so.

This case is DISMISSED with prejudice.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 13, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge